OPINION
Appellant James Felver appeals a judgment of the Ashland County Common Pleas Court finding him to be a sexual predator pursuant to R.C. 2950.09:
ASSIGNMENTS OF ERRORS:
 I. OHIO REVISED CODE SECTIONS 2950.01 — 2950.99
ARE EX POST FACTO LAWS IN VIOLATION OF ARTICLE I, SECTION 10 OF THE UNITED STATES CONSTITUTION AND ARTICLE II, SECTION 28 OF THE OHIO CONSTITUTION.
 II. OHIO REVISED CODE SECTIONS 2950.01 — 2950.99
VIOLATE THE DOUBLE JEOPARDY CLAUSE OF THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.
On October 1, 1984, appellant pled guilty to one count of Rape. The charges stemmed from a history of sexual abuse of a six-year-old female relative. At the time the acts were committed, appellant was the legal custodian and guardian of the victim. Appellant admitted that he had engaged in fellatio with the victim, and admitted that he had sexual relations with the child about seven times. In post-conviction correspondence to the prosecutor's office, appellant stated, "When I get out, all hell will break loose." In addition, in post-conviction correspondence with the Common Pleas Court Judge, appellant stated, "If I can't have that when I get out, I will commit more crimes because that is what you want." Appellant was sentenced to a term of incarceration of six to twenty-five years. On April 15, 1997, the Ohio Department of Rehabilitation and Corrections recommended to the Ashland County Common Pleas Court that appellant be adjudicated as a sexual predator, pursuant to the newly enacted Section 2950 of the Ohio Revised Code. The court thereafter conducted a hearing to determine whether appellant was a sexual predator. Following the hearing, appellant was found to be a sexual predator.
 I.
Appellant argues that the sexual predator classification statutes are ex post facto laws in violation of the Ohio and United States Constitutions. This Assignment of Error is overruled on the authority of State vs. Cook (1998), 83 Ohio St.3d 404, paragraph two of the syllabus.
 II.
Appellant argues that the double jeopardy clause of the Ohio and United States Constitutions bars the sexual predator adjudication. This Assignment of Error is overruled on the authority of State vs. Albaugh (February 1, 1999), Stark App. No. 1997CA000167 and 1997CA000222, unreported.
The judgment of the Ashland County Common Pleas Court is affirmed.
By: Reader, V.J. Wise, P.J. and Edwards, J. concur.